IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADALBERTO MARTINEZ, Individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. __5:17-cv-01170__ |
| NAVARROS INC., D/B/A NAVARROS UNDERGROUND DRILLING INC., ANGEL NAVARRO, KORIN NAVARRO and MIGUEL A. NAVARRO | § § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Adalberto Martinez brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Navarros Inc. d/b/a Navarros Underground Drilling Inc., Angel Navarro, Korin Navarro and Miguel A. Navarro (hereinafter collectively referred to as "Defendants") and were paid by the hour, but were not paid overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## I.
## OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees who worked for Defendants at any time from November 14, 2014 through the final disposition of this matter.

1.3     Plaintiff and the Putative Class Members were (and are) paid at an hourly rate. Specifically, Defendants paid Adalberto Martinez $12.00 per hour but did not pay him or the Putative Class Members the proper overtime premium for all hours worked in excess of forty (40) in a workweek.

1.4     Instead of paying Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek, Defendants would only pay the straight hourly rate of pay regardless of the number of hours worked.

1.5     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.6     The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or any other applicable law.[1] Specifically, Plaintiff and the Putative Class Members performed routine technical and manual labor type job duties such as drilling pot holes in the ground to locate sewage lines and/or electrical lines that could be damaged during the boring/tunneling process.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

1.10     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Adalberto Martinez ("Martinez") worked for Defendants within the meaning of the FLSA within the relevant three-year period. Plaintiff Martinez did not and currently does not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Putative Class Members are those current and former non-exempt employees who worked for Defendants at any time since November 15, 2014, and have been subjected to the same illegal pay system under which Plaintiff Martinez worked and was paid.

2.3     Defendant Navarros Inc. d/b/a Navarros Underground Drilling Inc. ("Navarros Drilling") is an Illinois for-profit corporation, licensed to and doing business in the State of Texas. Navarros Drilling may be served through its registered agent for service of process: **Miguel A. Navarro, 7735 FM 482, New Braunfels, Texas 78132.**

2.4     Defendant Angel Navarro ("A Navarro") is a Managing Member and Director of Navarros Drilling and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Navarros Drilling, Defendant A Navarro employed or jointly employed Plaintiff and the Putative Class Members. Angel Navarro may be served with process at: **7735 FM 482, New Braunfels, Texas 78132, or wherever he may be found.**

2.5     Defendant Korin Navarro ("K Navarro") is a Managing Member and Director of Navarros Drilling and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant

---

[2] The written consent of Adalberto Martinez is attached hereto as Exhibit "A."

Navarros Drilling, Defendant K Navarro employed or jointly employed Plaintiff and the Putative Class Members. Korin Navarro may be served with process at: **7735 FM 482, New Braunfels, Texas 78132, or wherever she may be found.**

2.6　Defendant Miguel A. Navarro ("M Navarro") is a Managing Member and Director of Navarros Drilling and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Navarros Drilling, Defendant M Navarro employed or jointly employed Plaintiff and the Putative Class Members. Miguel A. Navarro may be served with process at: **7735 FM 482, New Braunfels, Texas 78132, or wherever he may be found.**

2.7　Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Navarros Drilling, Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1　This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2　This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District.

3.3　Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4　Specifically, Defendant Miguel A. Navarro resides in New Braunfels, Comal County, Texas, and Defendants maintain a working presence in New Braunfels, Comal County, Texas all of which are in this District and Division.

3.5　Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, they provided services for Defendants that involved interstate commerce for purposes of the FLSA.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.7     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for Navarros Inc. d/b/a Navarros Underground Drilling Inc., Angel Navarro, Korin Navarro, and/or Miguel A. Navarro at any time from November 15, 2014 through the final disposition of this matter, and were paid an hourly rate but no overtime." (the "FLSA Collective" or "FLSA Collective Members").

4.8     The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## FACTS

5.1     Defendants operate in multiple states across the United States. Defendants are in the business of drilling tunnels for the construction of city and municipal utility tunnels.

5.2     Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

5.3     Specifically, they dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of Navarros Drilling and/or their clients.

5.4     Further, Defendants manage key internal relationships to Navarros Drilling—that is, they direct the financials of Navarros Drilling and they control the hourly rates of Plaintiff and the Putative Class Members who directly or indirectly report to these Defendants.

5.5     Moreover, these Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.6     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.7     To provide their services, Defendants employed (and continue to employ) many non-exempt employee laborers—Plaintiff and the Putative Class Members—to excavate the tunnels.

5.8     Plaintiff Martinez has been employed by Defendants since June 2017.

5.9     Plaintiff Martinez's primary duties have always been to drill pot holes in the ground to locate sewage lines and/or electrical lines that could be damaged during the boring/tunneling process.

5.10    Plaintiff and the Putative Class Members' daily and weekly activities involved mostly manual labor and were routine, and largely governed by standardized procedure and assignments created by Defendants and/or their clients.

5.11    Virtually every job function was pre-determined by Defendants and/or their clients including the schedule of work, and related work duties.

5.12    Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, Plaintiff and the Putative Class Members' job functions were primarily manual labor, requiring little to no official training, much less a college education, other advanced degree, or even professional licensing.

5.13    Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiff Martinez often worked forty-five (45) to sixty (60) hours a week.

5.14    Defendants paid (and continue to pay) Plaintiff and the Putative Class Members a straight hourly rate for the work they performed. Specifically, Defendants paid Plaintiff Martinez $12.00 per hour regardless of the number of hours worked each week.

5.15 Defendants know Plaintiff and the Putative Class Members worked (and continue to work) more than forty (40) hours in a week and that they routinely worked (and continue to work) in excess of sixty (60) or more hours in a workweek.

5.16 The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.17 Defendants did not pay overtime at a rate of at least time and one-half their employee's regular rate for work in excess of forty (40) hours per week.

5.18 Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

6.1 Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2 Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3 Defendants knew or should have known its pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and joint employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Martinez.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former employees who worked for Navarros Inc. d/b/a Navarros Underground Drilling Inc., Angel Navarro, Korin Navarro, and/or Miguel A. Navarro, at any time from November 15, 2014 through the final disposition of this matter, and were paid an hourly rate but no overtime."

6.11    Defendants' systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff Martinez's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt, blue-collar employees entitled to overtime after forty (40) hours in a workweek.

6.16    Defendants employed a substantial number of non-exempt employee laborers during the past three years.

6.17    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations of federal wage and hour laws.

6.18    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR NAVARROS INC. D/B/A NAVARROS UNDERGROUND DRILLING INC., ANGEL NAVARRO, KORIN NAVARRO, AND/OR MIGUEL A. NAVARRO, AT ANY TIME FROM NOVEMBER 15, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID AN HOURLY RATE BUT NO OVERTIME.**

# VII.
# RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Defendants; and

j.	For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 15, 2017	Respectfully submitted,

            **ANDERSON2X, PLLC**

      By: /s/ *Clif Alexander*
         **Clif Alexander**
         Federal I.D. No. 1138436
         Texas Bar No. 24064805
         clif@a2xlaw.com
         **Lauren E. Braddy**
         Federal I.D. No. 1122168
         Texas Bar No. 24071993
         lauren@a2xlaw.com
         **Alan Clifton Gordon**
         Federal I.D. No. 19259
         Texas Bar No. 00793838
         cgordon@a2xlaw.com
         819 N. Upper Broadway
         Corpus Christi, Texas 78401
         Telephone: (361) 452-1279
         Facsimile: (361) 452-1284

         ***Attorneys in Charge for Plaintiff and the Putative Class Members***